_____

No. 95-2084

_____

Duane D. Paisley,                         *
                                          *
     Plaintiff-Appellant,       *
                                          *
     v.                         *
                                          *
                                          *  Appeals from the United States
City of Minneapolis,                      *  District Court for the
                                          *  District of Minnesota.
     Defendant-Appellee,        *
                                          *
Minneapolis Police Relief                 *
Association,                              *
                                          *
     Intervenor-Defendant.      *

_____

No. 95-2175

_____

Duane D. Paisley,                         *
                                          *
     Plaintiff-Appellee,        *
                                          *
     v.                         *
                                          *
City of Minneapolis,                      *
                                          *
     Defendant-Appellant,       *
                                          *
Minneapolis Police Relief                 *
Association,                              *
                                          *
     Intervenor-Defendant.      *

Duane D. Paisley,                    *
                                     *
     Plaintiff-Appellee,            *
                                     *
     v.                             *
                                     *
City of Minneapolis,                 *
                                     *
     Defendant,                     *
                                     *
Minneapolis Police Relief           *
Association,                         *
                                     *
     Intervenor-Defendant-          *
     Appellant.                     *

_____

Submitted:  December 15, 1995

Filed:  March 27, 1996
_____

Before BOWMAN and LOKEN, Circuit Judges, and WOLLE,[*] District Judge.

_____

BOWMAN, Circuit Judge.

Duane D. Paisley appeals from the order of the District Court[1] granting summary judgment to the City of Minneapolis and to the Minneapolis Police Relief Association on his claims for

---

[*]The HONORABLE CHARLES R. WOLLE, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation.

[1]The case was adjudicated by The Honorable Ann D. Montgomery, United States Magistrate Judge for the District of Minnesota, upon the consent of the parties pursuant to 28 U.S.C. § 636(c)(1) (1994).

reinstatement, with seniority, to the City's police department and for payment for sick leave and vacation time, and for pension benefits, all as accrued from January 16, 1980. Paisley's claims were made pursuant to the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 2021-2027 (1988 & Supp. III 1991),[2] but the court concluded that he had waived whatever rights he may have had under the Act. The City and the Relief Association cross-appeal, arguing that the court erred, notwithstanding its decision to grant summary judgment in their favor, by holding that Paisley came within the Act in the first place. We affirm the summary judgment.

I.

Paisley joined the National Guard in 1965, and until 1980, apart from occasional longer-term training, he served the traditional reserve component duty of thirty-nine days of training a year--one weekend a month plus fifteen consecutive days of active duty for training. In 1973, Paisley began work as a patrolman with the City's police department. Late in 1979, he requested, and was granted, a two-year leave of absence from his employment with the City to go on active duty with the National Guard. In 1981, Paisley requested a two-year extension of his leave, citing as authority 38 U.S.C. § 2024(b)(1), which permitted reemployment

---

[2]The Veterans' Reemployment Rights Act was renumbered 38 U.S.C. §§ 4301-4307 (Supp. IV 1992) in October 1992. Pub. L. No. 102-568, § 506(a), 1992 U.S.C.C.A.N. (106 Stat.) 4320, 4340. (Later amendments, now codified at 38 U.S.C. §§ 4301-4333 (1994), became effective "with respect to reemployments initiated on or after the first day after the 60-day period beginning on" October 13, 1994, and so are not applicable here. Pub. L. No. 103-353, § 8, 1994 U.S.C.C.A.N. (108 Stat.) 3149, 3175.) Although Paisley's complaint was filed on September 1, 1994, it refers to sections of the Act as they were numbered before October 1992, and the District Court opinion followed suit. For the sake of continuity, we also will refer to the pertinent sections under the numbering scheme as it existed before it was changed in 1992. Also, to avoid confusion, we will forego our usual practice of citing United States Code dates parenthetically when citing sections of the Act as they were numbered before October 1992.

following a leave of absence for active duty service other than for training, provided that the length of service was no longer than four years (with certain exceptions not relevant here). The City granted the request for extension, and then granted another two-year extension in 1983. In 1985 Paisley asked the City for a three-year extension of his leave and also asked to be permitted to take a police department promotional exam, notwithstanding that he was still on leave from the department. These requests were denied, and by letter dated December 15, 1985, Paisley resigned from the police department.

After his resignation, Paisley remained on active duty with the National Guard and was offered early retirement from the Guard in May 1994, the same time he first sought reemployment with the police department. The City denied his request for reemployment. In September 1994, Paisley took early retirement from the National Guard with the rank of colonel and filed this lawsuit against the City. The Relief Association, opposing Paisley's lawsuit, intervened. The District Court granted summary judgment to the City and to the Relief Association, and denied Paisley's motion for summary judgment. Paisley appeals and the City and the Relief Association cross-appeal. We review de novo, Shannon v. Ford Motor Co., 72 F.3d 678, 681 (8th Cir. 1996), and now affirm.

II.

The facts of the case are not in dispute. For his only issue on appeal, Paisley argues that the District Court erred as a matter of law in determining that Paisley waived any reemployment rights he may have had under the Act when he resigned his position with the police department in 1985.

We have held that reemployment rights under the Act may be waived if the employee does so "clearly and unequivocally." Smith v. Missouri Pac. Transp. Co., 313 F.2d 676, 680 (8th Cir. 1963).

We think that Paisley has done so here. He requested three two-year leaves of absence from his employment as a patrolman, and the City granted them all. As Paisley acknowledged, "There was no requirement that I serve any time or continue in the National Guard. I could have left at any time." Paisley Deposition at 19. Still, he sought a fourth extension, this time for three years, and the City said no. At that point, Paisley wrote a letter to the police department wherein he clearly stated, "I hereby tender my resignation from the Minneapolis Police Department." Letter from Duane D. Paisley to Minneapolis Police Dep't (Dec. 15, 1985). "Though I am disapointed [sic] to leave the department at this time, I am very appreciative of the support that I have been given and the opportunity I have had to accept several challenging assignments in the military." Id.

It is clear that Paisley voluntarily extended his active duty with the National Guard and that he voluntarily resigned from the police department in 1985. See Smith, 313 F.2d at 681 (observing as a factor supporting waiver "that the commitments and requests signed by the Colonel were executed voluntarily"). Moreover, there is no suggestion that Paisley did not understand his legal rights under the Act. See id. Paisley nevertheless argues that he resigned reluctantly and that he did not intend to give up any statutory employment rights that he may have had. But Paisley's waiver is not equivocal simply because the resignation was difficult for him, or even because the decision was precipitated by the police department's 1984 refusal to extend his leave or to allow him to take the promotional exam. Given the choice, he elected to make his career with the military. His efforts to maintain his police officer qualifications during his leave of absence--but **before** his resignation--do not demonstrate that the waiver was unclear or equivocal. Further, after he resigned, Paisley sought and received the pension benefits and refunds to which he was entitled as a separated police department employee, clearly indicating his understanding that he had terminated his

employment and moved on to another career. He stayed with the military until he retired in 1994 with more than fourteen years of continuous active duty service. Based on the foregoing facts, we conclude that Paisley "clearly and unequivocally" waived any statutory reemployment rights he may have had and opted for a military career rather than a career with the police department.

Paisley argues that Smith is no longer good law in light of the Supreme Court's decision in King v. St. Vincent's Hospital, 502 U.S. 215 (1991). In King, the employee sought a three-year leave of absence from his employment to take a full-time appointment with the National Guard. His employer denied the request and sought a declaratory judgment that the three-year request was unreasonable and that the employee therefore had no reemployment rights under the Act. The Supreme Court held that there was no durational limit on a leave taken under 38 U.S.C. § 2024(d), and that it would not read a "reasonableness" limit on the length of a § 2024(d) leave after which the employee would be entitled to reemployment.[3]

To the extent Smith can be read to suggest that a leave of absence for active guard duty must be of a "reasonable" length to entitle a serviceman to reemployment, we agree that it was overruled by King, at least for the brief time that King controlled the question.[4] But there was

---

[3]Under 38 U.S.C. § 2024(d), as relevant here, an employee who meets the service requirements of the subsection "shall upon request be granted a leave of absence by such person's employer for the period required to perform active duty for training or inactive duty training in the Armed Forces of the United States," with reemployment rights upon release. Paisley claims, and the District Court concluded (in a holding challenged here by the City and the Relief Association, see infra Part III), that Paisley satisfied the statutory requirements of § 2024(d) and properly seeks relief under that subsection of the Act.

[4]With the enactment of the 1994 amendments to the Act, which inter alia limit cumulative leaves of absence for military service to five years in order for the employee to qualify for reemployment
rights, 38 U.S.C. § 4312(a)(2) (1994), the holding of King v. St. Vincent's Hospital, 502 U.S. 215 (1991), would appear to have only limited, if any, remaining practical significance in cases

no issue of waiver in the <u>King</u> case,

---

arising under the Act.

so its § 2024(d) holding has no bearing on the question of whether a veteran may waive his reemployment rights--so long as we do not rely on the length of the employee's absence as a basis for finding a clear and unequivocal waiver.[5]

Paisley also contends that Smith is not good authority here because of later "substantive changes" to the Veterans' Reemployment Rights Act, including bringing government employers within the strictures of the Act, and the subsequent "inception of the AGR [active guard reserve] program." Brief of Appellant at 6. Paisley offers no explanation, however, as to how statutory

_____

[5]We believe, however, that there is a legally significant distinction between an intent to take a true leave of absence from civilian employment, the length of which is not subject to a reasonableness standard, and an intent to make the military a career, which suggests a choice to forsake one's civilian job and any reemployment rights attached thereto. As this Court in Smith v. Missouri Pacific Transportation Co., 313 F.2d 676, 682-83 (8th Cir. 1963), said in summarizing its conclusion that the veteran had waived reemployment rights:

> To render a decision in favor of this plaintiff would be to recognize and to vest in one in his posture the power, step by step, as extension-of-duty opportunities present themselves, in effect to make a career of the service and at the same time to force his civilian employer to hold or to make a place available for him throughout the career period and until such time as he chooses to bring his military life to an end or until it is finally terminated for him because of age, physical disability, or the like.

The Smith opinion notes that "[a]ppropriate civilian reemployment protection at the end of a non-career period of service was what our national legislative body had in mind." Id. at 683. We do not read King, 502 U.S. 215, as being inconsistent with Smith.

amendments subsequent to <u>Smith</u> in any way call into question the applicability of the doctrine of waiver to cases of this sort. The Act does not mention waiver and we have located no cases decided since the <u>Smith</u> opinion was issued in 1963 that even suggest that the doctrine of waiver is inapplicable to cases arising under the Act.

We conclude that the District Court did not err in holding that Paisley has waived any reemployment rights to which he may have been entitled under the Act.

III.

For their cross-appeals, the City and the Relief Association argue that, even had there been no waiver, Paisley does not come within § 2024(d) of the Act, and that the District Court erred in concluding otherwise. Our holding in Part II of this opinion that Paisley waived any statutory rights he may have had makes it unnecessary for us to consider the cross-appeals, and we decline to do so.

IV.

We hold that Paisley waived any reemployment rights to which he may have been entitled under the Act. Accordingly, the judgment of the District Court in favor of the City and the Relief Association is affirmed. The cross-appeals of the City and the Relief Association are dismissed, their resolution being unnecessary to proper disposition of the case.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.